UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                                        ORDER

FREDERICK GANG,                          15-CR-471 (CS)

                Defendant.
------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Frederick Gang's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 62), and the Government's opposition thereto, (Doc. 65).[1]

      Defendant was arrested on July 28, 2015 and detained. On June 28, 2016, he was sentenced principally to 144 months' imprisonment. (Doc. 29). This sentence was 7 months below the low end of his advisory Sentencing Guidelines range of 151-188 months. (*See* Doc. 30 ("PSR") at 20.) Defendant has served approximately 62 of those 144 months.[2]

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the

---

[1] Defendant also requests home confinement, but only the Bureau of Prisons, not the Court, can provide that relief. *See* 18 U.S.C. § 3624(c); CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020).

[2] Defendant incorrectly states that his sentence was 120 months and that he has therefore served more than half of his sentence.

defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.

Defendant argues that he suffers from several health conditions that, combined with conditions in prison, put him at increased risk for severe disease should he contract COVID-19. Presumably he means to contend that he fits the fourth category. The Government concedes that Defendant suffers from conditions that the Centers for Disease Control has identified as causing increased risk, and that Defendant has shown extraordinary and compelling circumstances. It argues, however, that the Court should not grant release based on the § 3553(a) factors, and the fact that FMC Butner, where Defendant is housed, has few COVID-19 cases.[3]

I agree that, notwithstanding the extraordinary and compelling circumstances presented by Defendant's medical condition, release is not appropriate at this time in light of the § 3553(a) factors. Defendant was a supervisor of a long-running, large-scale crack distribution organization. He was responsible for the distribution of more than two kilograms of crack. (Doc. 22 ¶ 11.) The instant case was his ninth conviction, his seventh drug offense, and his fourth felony. He committed it while under parole supervision. Previous significant sentences (54 months to life, 42 months to 7 years, 54 months to 9 years) have not deterred him. Releasing defendant after he has served less than half of his sentence – a sentence already below the

---

[3]As of today, four inmates and three staff are positive.

advisory Guidelines range – would undermine several of the purposes of sentencing. It would not sufficiently address the nature and seriousness of the offense, and specifically the length of the conspiracy, the quantity of crack involved, and the harm it did to the community. It would not be just punishment and would introduce unwarranted sentencing disparities. It would not sufficiently address Defendant's repeated disrespect for the law. It would not suffice to protect the public from further crimes by Defendant. Given his criminal history and lack of legitimate work history, there is unfortunately every reason to believe that Defendant would revert to criminal activity were he released. While he suffers from myriad health problems, he suffered from many of them, and was receiving disability benefits, while he committed the instant offense. In short, the § 3553(a) factors militate against release at this time, despite Defendant's health conditions.

Accordingly, the motion is denied. The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 62).

Dated: September 8, 2020
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.